**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

RORY DOLAN,                                            :

                        Plaintiff,          :

             -against-                :          MEMORANDUM DECISION
                                 :          AND ORDER

Fishkill Correctional Facility Superintendent    :          13 Civ. 5726 (GBD) (GWG)
WILLIAM J. CONNOLLY; Cayuga Correctional    :
Facility Superintendent DAVID A. STALLONE;    :
Fishkill Correctional Facility Plant Superintendent  :
ROGER MAINES; Fishkill Correctional Facility    :
Lieutenant M. CALLENDER; and Fishkill         :
Correctional Facility Senior Correction Counselor  :
CARL GOOD,                                            :

                      Defendants.          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Rory Dolan brought this action under 42 U.S.C. § 1983 against five prison officials

at the Fishkill and Cayuga Correctional Facilities, where Plaintiff was previously incarcerated.

(First Am. Compl., ECF No. 59.)  Plaintiff alleged that the Defendants retaliated against him for

exercising his First Amendment rights.  He also asserted causes of action for violations of his

Eighth and Fourteenth Amendment rights.  (*Id.* ¶¶ 91-110.)

      The Defendants moved to dismiss the Amended Complaint for failure to state a claim

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Defs.' Mot. to Dismiss, ECF

No. 62.)  Before this Court is Magistrate Judge Gabriel Gorenstein's January 18, 2017 Report and

Recommendation ("Report," (ECF No. 78)), recommending that Defendants' motion be granted

as to Plaintiff's claims under the Eighth and Fourteenth Amendments and as to Plaintiff's

retaliation claims against Defendants Good and Stallone, but denied as to Plaintiff's retaliation

claims against Defendants Connolly, Maines, and Callender.[1]  (Report at 1.)  This Court adopts that recommendation.

## I.    LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1). The Court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or merely perfunctory objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346-47 (S.D.N.Y. 2006). Clear error is present only when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515, 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (quoting *United States v. Snow,* 462 F.3d 55, 72 (2d Cir. 2006)).

Magistrate Judge Gorenstein advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal. (Report at 25.) Defendants filed timely objections to the Report. (Defs.' Objections to the R. &. R. ("Defs.' Objs."), (ECF No. 81).)[2] There is no clear error on the face of the record as to those portions of the report to which no objections were made. This Court has considered the issues raised in the Defendants' objections and reviews *de novo* the objected-to portions of the Report.

"A Rule 12(b)(6) motion challenges the legal sufficiency of the claims asserted in a complaint." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 131 F. Supp. 3d 103,

---

[1] The relevant procedural and factual background is set forth in greater detail in the Report, and is incorporated herein.

[2] On January 26, 2017, this Court granted Defendants' request that the deadline for filing objections be extended to February 8, 2017.  (ECF No. 80.)

119 (S.D.N.Y. 2015). In deciding a Rule 12(b)(6) motion, a court "accept[s] all factual allegations in the complaint as true, and draw[s] all reasonable inferences" in favor of the plaintiff. *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (quoting *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008)). A court is "not, however, 'bound to accept conclusory allegations or legal conclusions masquerading as factual conclusions.'" *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (quoting *Rolon v. Henneman,* 517 F.3d 140, 149 (2d Cir. 2008)). In order to survive such a motion, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## II.   CLAIMS UNDER THE EIGHTH AND FOURTEENTH AMENDMENTS

Neither party objected to the Report's recommendations that Plaintiff's claims under the Eighth and Fourteenth Amendments be dismissed. (Report at 20-24.) Having found no clear error as to those claims, this Court adopts the Report's recommendations. As the Report notes, while Dolan argued in his opposition memorandum of law that his "prolonged, unlawful confinement in the Special Housing Unit" violated the Eighth Amendment, the Complaint omits any description of Dolan's conditions of confinement. (*Id.* at 21-22.) Absent such allegations, the Complaint does not meet the standard for an Eighth Amendment claim based on prison conditions. *See, e.g.*, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

As to the two Fourteenth Amendment claims asserted in Plaintiff's memorandum of law— that Dolan's confinement in a Special Housing Unit itself violated the Fourteenth Amendment, and that his confinement for 12 days after his release date violated substantive due process— Magistrate Judge Gorenstein correctly determined that neither claim adequately states a due

process violation.[3]   (*Id.* at 23-24.)  Further, Judge Gorenstein properly deemed Plaintiff to have

abandoned his claim that Defendant Connolly assigned an unqualified hearing officer, Defendant

Maines, to preside over his hearing.[4]   (*Id.* at 22-23.)

## III.   RETALIATION CLAIM

The Report properly focused on whether the Complaint adequately states retaliation claims

against Defendants Connolly and Good.[5]  "To state a claim for First Amendment retaliation, a

plaintiff must plausibly allege that '(1) his speech or conduct was protected by the First

Amendment; (2) the defendant took an adverse action against him; and (3) there was a causal

connection between this adverse action and the protected speech.'"  *Stajic v. City of N.Y.*, No. 1:16-

CV-1258-GHW, 2016 WL 5717573, at *3 (S.D.N.Y. Sept. 30, 2016) (citing *Matthews v. City of

N.Y.*, 779 F.3d 167, 172 (2d Cir. 2015)).  In cases involving prisoner retaliation claims, "[o]nly

retaliatory conduct that would deter a similarly situated individual of ordinary firmness from

exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation."

*Vincent v. Sitnewski*, 117 F. Supp. 3d 329, 335 (S.D.N.Y. 2015) (quoting *Dawes v. Walker*, 239

F.3d 489, 493 (2d Cir. 2001)).  Further, "[i]t is well settled that, in order to establish a defendant's

individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's

personal involvement in the alleged constitutional deprivation."  *Grullon v. City of New Haven*,

720 F.3d 133, 138 (2d Cir. 2013).

---

[3] *See, e.g.*, *Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009) (per curiam).

[4] *See Rivera v. Balter Sales Co. Inc.*, No. 14-CV-1205-LTS, 2014 WL 6784384, at *3 (S.D.N.Y. Dec. 1, 2014).

[5] Although the Complaint asserted First Amendment retaliation claims against all five Defendants, Plaintiff did not oppose Defendants' motion to dismiss to the extent it argued that the Complaint did not state a claim against Defendant Stallone.  (Report at 10.)  Further, Defendants did not move to dismiss the retaliation claims against Callender and Maines.  (*Id.*)  In light of the fact that this Court adopts the Report's recommendation that all claims under the Eighth and Fourteenth Amendment should be dismissed, Plaintiff has failed to state any claims against Defendant Stallone and he is dismissed from this action.

As the Report found, the protected speech element of the retaliation analysis has been met in this case. *See Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) ("voicing grievances on behalf of a prison population as a member of an inmate grievance body, such as the ILC" is protected conduct) (citing *Graham v. Henderson*, 89 F.3d 75, 80 (2d Cir. 1996)). Further, because the Defendants have not argued that there was a lack of causation between Plaintiff's conduct and the alleged retaliation by Connolly and Good, the Report properly focused on the "adverse action" and "personal involvement" aspects of the retaliation claim.

The Report determined that the Complaint adequately stated a First Amendment retaliation claim against Defendant Connolly but not against Defendant Good. This Court adopts the Report's conclusion over the Defendants' objections.

As to Defendant Good, neither party objected to the Report's conclusion that the Complaint does not allege any "adverse action" by him. (Report at 11-12.) Having found no clear error in this portion of the Report, this Court holds that the Complaint failed to state a claim of retaliation against Good. He is dismissed from this action.

As to Defendant Connolly, Defendants do not argue that Magistrate Judge Gorenstein erred in concluding that the Complaint stated a claim for retaliation based on (1) Connolly's ordering of a disciplinary hearing or (2) his upholding of the disciplinary decision.[6] (*Id.* at 13-14.) Having found no clear error in that portion of the Report, this Court adopts Judge Gorenstein's recommendation that those claims be allowed. Defendants did object to the Report's recommendation that Dolan be allowed to pursue a retaliation claim on the ground that he was prevented from serving a third term on the Inmate Liaison Committee ("ILC"). (Defs.' Objs. at 8-9.) Specifically, Defendants argue that Judge Gorenstein erred by refusing to consider a document

---

[6] Instead, Defendants argue that Connolly is entitled to qualified immunity on those claims, discussed *infra*.

(the "DOCCS Directive") purporting to show that inmates may serve only two successive terms as ILC representative, which Defendants produced as an exhibit to their reply brief.  (*Id.*)

Upon review, this Court finds that Magistrate Judge Gorenstein properly declined to consider the DOCCS Directive because it was outside the pleadings and therefore not appropriate for consideration on a motion to dismiss.  *See, e.g.*, *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996) ("In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.") (quoting *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)); *Taylor v. Vermont Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002) (in ruling on a Rule 12(b)(6) motion, the court is generally limited to facts presented in the complaint, documents attached to the complaint or incorporated within it by reference, and public records).  The DOCCS Directive was not attached to Plaintiff's Complaint as an exhibit or incorporated by reference.  To the contrary, the Amended Complaint disclaimed any knowledge of a Department of Corrections policy limiting Dolan's service on the ILC.  (First Am. Compl. ¶ 38.)  Further, because Defendants only produced the directive for the first time in their latest reply brief, Dolan has not even had a chance to dispute its relevance to this case.[7]  Accordingly, this Court adopts the Report's recommendation that this retaliation claim be allowed to proceed as well.

---

[7] While Defendants are correct that the directive was cited in its opening brief (Defs.' Objs. at 9), it is only in a footnote stating that the ILC "was established pursuant to New York State Department of Correctional Services Directive No. 4002"; there is no reference to the specific provision that purportedly prohibited Dolan from serving a third term on the ILC.  (Defs.' Mem. in Supp. Mot. to Dismiss, ECF No. 63, at 2 n.1.)  Rather, Defendants cited to the relevant language and produced the directive for the first time as an exhibit to their reply memorandum.  (Reply Affirmation in Supp. Mot. to Dismiss, ECF No. 74, Ex. 1.)

## IV. QUALIFIED IMMUNITY

Having found that the Complaint adequately stated retaliation claims against Defendant Connolly, Maines, and Callender, the Report went on to conclude that those Defendants were not entitled to qualified immunity. Defendants timely objected, and this Court reviews *de novo*.

"[T]he doctrine of qualified immunity shields both state and federal officials from suit 'unless [1] the official violated a statutory or constitutional right that [2] was clearly established at the time of the challenged conduct.'" *Terebesi v. Torreso*, 764 F.3d 217, 230 (2d Cir. 2014) (quoting *Reichle v. Howards*, 566 U.S. 658 (2012)). "A Government official's conduct violates clearly established law when, at the time of the challenged conduct, '[t]he contours of [a] right [are] sufficiently clear' that every 'reasonable official would have understood that what he is doing violates that right.'" *Ashcroft v. Al-Kidd*, 563 U.S. 731, 741 (2011) (quoting *Anderson v. Creighton,* 483 U.S. 635, 640 (1987)). "A right is clearly established if (1) the law is defined with reasonable clarity, (2) the Supreme Court or the Second Circuit has recognized the right, and (3) a reasonable defendant would have understood from the existing law that his conduct was unlawful." *Sitnewski*, 117 F. Supp. 3d at 336-37 (citations omitted). Although a case "directly on point" is not required, "existing precedent must have placed the statutory or constitutional question beyond debate." *Ashcroft*, 563 U.S. at 741. Thus, even if the Second Circuit "has not explicitly held a course of conduct to be unconstitutional, we may nonetheless treat the law as clearly established if decisions from this or other circuits 'clearly foreshadow a particular ruling on the issue.'" *Torreso*, 764 F.3d at 231 (quoting *Scott v. Fischer*, 616 F.3d 100, 105 (2d Cir. 2010)).

Although it was a "close question," the Report concluded that, at the time of the purported retaliation, Dolan had a "clearly established" First Amendment right to pursue grievances as a member of the ILC. (Report at 18.) Defendants object that prior to the Second Circuit's decision in *Dolan*, there was no Supreme Court or Second Circuit case law holding "that participation on

the ILC was a protected activity for the purposes [of] First Amendment retaliation." (Defs.' Objs. at 4.) Thus, Defendants argue that the Second Circuit announced a new "constitutional rule" that "filing or voicing grievances on behalf of a prison population as a member of an inmate grievance body, such as the ILC," qualifies as constitutionally protected conduct. (*Id*. at 5.)[8]

After carefully reviewing the Report in light of Defendants' objections, this Court finds that Defendants Connolly, Maines, and Callender have not established that they are entitled to qualified immunity. Their alleged misconduct violated Dolan's clearly established right. In *Dolan* itself, the Second Circuit observed that it was "well established that 'retaliation against a prisoner for pursuing a grievance violates the right to petition government for the redress of grievances guaranteed by the First and Fourteenth Amendments and is actionable under § 1983.'" *Dolan*, 794 F.3d at 294 (quoting *Graham*, 89 F.3d at 80). Further, the court found "no sufficient basis to distinguish a prisoner's conduct in filing a grievance on his own behalf and the filing or voicing, as a member of a prisoner grievance body, of grievances on behalf of other prisoners." *Id.* at 294. Thus, the court concluded that "Dolan's alleged actions as an ILC representative are similar, if not identical, to the grievance-related activity already established as constitutionally protected conduct." *Id.* at 295.[9]

Put differently, Dolan's conduct—filing or voicing grievances on behalf of a prison population as a member of the ILC—falls within the type of First Amendment advocacy to which prisoners had a clearly established right as of 2010 and 2011. *See Gill v. Pidlypchak*, 389 F.3d 379, 384 (2d Cir. 2004) (holding that the use of the prison grievance system was constitutionally

---

[8] Indeed, the Second Circuit acknowledged in *Dolan* that it had "not held specifically that a prisoner engages in constitutionally protected conduct by carrying out the duties of a member of an ILC." *Dolan*, 794 F.3d at 294.

[9] As Defendants note, the Second Circuit expressly declined to analyze whether this constitutional rule was clearly established at the time of the alleged misconduct. *Dolan*, 794 F.3d at 295 n.2.

protected activity); *Franco v. Kelly*, 854 F.2d 584, 589 (2d Cir. 1988) (holding that prisoner had constitutional right to petition government for redress of grievances, which included cooperating with state investigation of inmate abuse); *Graham*, 89 F.3d at 80 (filing of a grievance and attempt to find inmates to represent the grievants is constitutionally protected). Similarly, several district court decisions prior to 2010 held that advocacy on behalf of an ILC is constitutionally protected.[10] Accordingly, Dolan's First Amendment right was clearly established at the time of the alleged events.

Defendants object that this Court's decision in the original *Dolan* litigation establishes that the right was not clearly established. However, the first Report and Recommendation, adopted by this Court, acknowledged that it was "well-established that the First Amendment protects prisoners from retaliation for submitting grievances regarding prison conditions." (R. & R., ECF No. 32, at 17.) Nonetheless, this Court dismissed the original complaint due to the "conclusory" and imprecise allegations supporting Plaintiff's retaliation claim. *See Dolan v. Connolly*, No. 13 Civ. 5726(GBD)(GWG), 2014 WL 3057973, at *2 (S.D.N.Y. June 27, 2014) (finding that the Complaint failed to state a claim because "Dolan has not identified any specific grievance he filed that resulted in retaliation.... Rather, Plaintiff asserts only generally that his responsibilities as a 'jailhouse lawyer' and member of Fishkill's Inmate Liaison Committee ('ILC') involved filing and voicing grievances."). This Court's decision did not hold that membership and advocacy on behalf of an ILC may never be constitutionally protected. *See also Tolliver v. Skinner*, No. 12-CV-971(DAB)(KNF), 2013 WL 658079, at *21 (S.D.N.Y. Feb. 11, 2013) (finding that plaintiff, a

---

[10] *See Webster v. Fischer*, 694 F. Supp. 2d 163, 183 (N.D.N.Y. 2010); *Ayers v. Roberts*, No. 05-CV-889A(F), 2008 WL 2079921, at *6 (W.D.N.Y. May 15, 2008); *Shaheen v. Filion*, No. 9:04-CV-625 (FJS/DRH), 2006 WL 2792739, at *3 (N.D.N.Y. Sept. 17, 2006); *Gill v. Riddick*, No. 9:03-CV-1456, 2005 WL 755745, at *10 (N.D.N.Y. Mar. 31, 2005).

co-chairman of the ILC, did not "plausibly" allege any constitutionally protected speech or conduct).

Defendants Connolly, Maines, and Callender have not shown that they are entitled to qualified immunity.  Accordingly, Plaintiff's First Amendment retaliation claims against them should proceed.[11]

## V.   CONCLUSION

Magistrate Judge Gorenstein's Report and Recommendation is adopted.  Defendants' Motion to Dismiss is GRANTED as to Plaintiff's claims under the Eighth and Fourteenth Amendments.  Defendants' Motion to Dismiss Plaintiff's retaliation claim under the First Amendment is GRANTED as to Defendants Good and Stallone, but DENIED as to Defendants Connolly, Maines, and Callender.  Defendants Good and Stallone are DISMISSED from this action.

The Clerk of Court is directed to close the motion at ECF No. 62.

Dated: New York, New York
       March 2, 2017

                                              SO ORDERED.

                                              GEORGE B. DANIELS
                                              United States District Judge

---

[11] Because the Court concludes that Dolan's First Amendment right was clearly established, it was also not "objectively reasonable" for Defendants to have believed that no law proscribed their alleged conduct. (*See* Report at 20.)